**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| RODNEY J. WATKINS | : | |
| Appellant | : | No. 2507 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 3, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003076-2020

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| RODNEY J. WATKINS | : | |
| Appellant | : | No. 2508 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 3, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003109-2020

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| RODNEY J. WATKINS | : | |
| Appellant | : | No. 2509 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 3, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000928-2021

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|

:
v. :
:
:
:
RODNEY J. WATKINS :
:
Appellant : No. 2510 EDA 2024

Appeal from the Judgment of Sentence Entered May 3, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000957-2021

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RODNEY J. WATKINS :
:
Appellant : No. 2511 EDA 2024

Appeal from the Judgment of Sentence Entered May 3, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000964-2021

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RODNEY J. WATKINS :
:
Appellant : No. 2512 EDA 2024

Appeal from the Judgment of Sentence Entered May 3, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004511-2021

BEFORE: PANELLA, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED OCTOBER 22, 2025**

In these consolidated appeals,[1] Appellant Rodney J. Watkins appeals from the judgment of sentence imposed after entering a no contest plea to three counts of involuntary deviate sexual intercourse with a child, three counts of corruption of minors, one count of aggravated indecent assault, and one count of unlawful contact with a minor.[2] On appeal, Appellant challenges the discretionary aspects of his sentence.[3] After review, we affirm based on the trial court's opinion.

_____

[1] On October 1, 2024, Appellant filed separate applications to consolidate the appeals at 2507 EDA 2024, 2508 EDA 2024, 2509 EDA 2024, 2510 EDA 2024, 2511 EDA 2024, and 2512 EDA 2024. After consideration of Appellant's applications, the trial court dockets, notices of appeal, and criminal docketing statements, this Court consolidated the appeals. *See* Order, 11/4/24, at 4.

[2] 18 Pa.C.S. §§ 3123(b), 6301(a)(1)(ii), 3125(6), 6318(a)(1). The charge of aggravated indecent assault was charged under former 18 Pa.C.S. § 3125(6), which was effective at the time Appellant committed the offense on or about December 26, 1992. *See* Criminal Information (CP-51-CR-928-2021), 3/1/21, at 1-2. Former Section 3125(6) provided that "a person commits a felony of the second degree when he engages in penetration, however slight, of the genitals or anus of another with a part of the actor's body for any purpose other than good faith medical, hygienic or law enforcement procedures if . . . he is over 18 years of age and the other person is under 14 years of age." *See* 18 Pa.C.S. § 3125(6) (effective April 3, 1990), *amended by* Act of Mar. 31, 1995 (Spec. Sess. No. 1), P.L. 985, No. 10, § (effective May 30, 1995); *see also* Appellant's Brief at 6 n.3.

[3] The trial court noted that at the plea hearing, "both the Commonwealth and [Appellant's] counsel notified the [c]ourt that their negotiations led to an agreement to a cap of fifteen (15) to thirty (30) years as the aggregate sentence in all six dockets in which [Appellant] pled." Trial Ct. Op., 12/20/24, at 5 (citation omitted). Because Appellant's plea agreement did not include a specific term of incarceration and only placed limitations on his possible sentence, we conclude that it was a "hybrid" plea agreement. *See* *Commonwealth v. Dalberto*, 648 A.2d 16, 21 (Pa. Super. 1994); *see also*
*(Footnote Continued Next Page)*

The trial court summarized the factual background at each trial court docket as follows:

### A. Docket Number CP-51-CR -0003076-2020[4]

[Appellant] met 12-year-old W.L. around 2011 or 2012 while working as a skateboarding coach and owner of skateboarding team called Powerfulnailya. [Appellant] took W.L. and other children to skateboarding competitions around the city of Philadelphia and to multiple state competitions. Prior to the competitions, [Appellant] would have members of the team, including W.L., sleep over at his house located [in] Philadelphia, PA.

On more than one occasion, when W.L. would wake up [Appellant] would be laying in bed with him rubbing his penis and scrotum. On at least one of W.L.'s visits to [Appellant's] residence, [Appellant] gave drinks to the members of the skateboarding team that made W.L. feel tired. After waking up, [Appellant] entered the room and began talking about skateboarding as he got closer and closer to W.L. [Appellant] then took W.L.'s clothes off and began to perform oral sex on him. [Appellant] grabbed W.L.'s hand to try to hold it on his penis and use it to stroke his penis. W.L. pulled his hand back to stop touching [Appellant's] penis. [Appellant] threatened W.L. that if he ever told anyone what happened, he would ruin his skateboarding career.

### B. Docket Number CP-51-CR-0003109-2020[5]

[Appellant] met 11-year-old N.M. at the Pops Skatepark in the Fishtown section of Philadelphia. [Appellant] informed N.M. that he was the owner of a skateboarding team and offered N.M. a

_____

***Commonwealth v. Tirado***, 870 A.2d 362, 365 n.5 (Pa. Super. 2005) (explaining that a defendant is not precluded from appealing the discretionary aspects of his sentence following an open guilty plea because there has been no bargain for a specific term of incarceration in the negotiated plea agreement). Accordingly, Appellant is not precluded from appealing the discretionary aspects of his sentence. ***See Dalberto***, 648 A.2d at 21.

[4] Superior Court docket 2507 EDA 2024.

[5] Superior Court docket 2508 EDA 2024.

chance to join the team. On trips to several skateboarding competitions, [Appellant] would make "dirty jokes" and reach behind to the rear seat of the vehicle and [grab] the children-members of the team's penises over their pants. [Appellant] also took his penis out of his pants and would have the children grab it.

When N.M. was 12 years old in 2012, while staying at [Appellant's] house . . . for a sleepover before a skateboarding competition, [Appellant] laid down next to N.M. on the couch and began to rub his penis and kiss N.M. on the lips. [Appellant] pulled N.M.'s pants down and performed oral sex on him for approximately 20 to 30 minutes. N.M. was "frozen" while [Appellant] continued to assault him.

### C. Docket Number CP-51-CR-0000928-2021[6]

[Appellant] met 12-year-old N.H. when she was hanging out with her friends who were young skateboarders. N.H. was invited to [Appellant's] apartment at an unknown location in the city of Philadelphia. Upon arrival, [Appellant] told N.H. how beautiful she was and that he wanted to "do something he knew she would like." [Appellant] then put his hands down N.H.'s pants and put his fingers in her vagina. N.H. told [Appellant] she didn't like it to which [Appellant] replied, "every girl's vagina [is] different."

### D. Docket Number CP-51-CR-0000957-2021[7]

[Appellant] met 11-year-old C.C.[8] at Whitehall Skatepark in Philadelphia. [Appellant] informed C.C. that he was the owner of a professional skateboarding team and that he wanted C.C. to join the team. C.C. was invited over to [Appellant's] house [in] Philadelphia, PA, prior to a skateboarding trip. When C.C. was at [Appellant's] residence, [Appellant] put pornographic videos on the television for C.C. to watch and placed his head on C.C.'s lap.

---

[6] Superior Court docket 2509 EDA 2024.

[7] Superior Court docket 2510 EDA 2024.

[8] In the trial court opinion, the trial court refers to the victim at trial court docket CP-51-CR-0000957-2021 as both "C.C." and "C.C.G." *See* Trial Ct. Op., 12/20/24, at 3-4, 9. We note that "C.C." and "C.C.G." are the same person. *See*, *e.g.*, N.T. Sentencing, 5/3/24 at 36.

C.C. then pulled out his penis and [Appellant] performed oral sex on C.C.

### E. Docket Number CP-51-CR-0000964-2021[9]

12-year-old L.Z. met [Appellant] at a skateboarding event in the schoolyard outside of his school in Philadelphia. [Appellant] spoke to L.Z. about joining [Appellant's] skateboarding team at that time, which L.Z. later joined. On various occasions while in the car traveling to skateboarding competitions, [Appellant] passed iPads and tablets with pornographic material around the car to the members of the team. [Appellant] encouraged the children to pull out their penises and masturbate in the car. [Appellant] also pulled out his penis and masturbated in the car. He told the children to masturbate until they ejaculated. [Appellant] then passed the children tissues for when they were finished masturbating.

While in the vehicle on these trips, [Appellant] also told the children to penetrate each other. He told them that "it would feel good" if they penetrated each other. [Appellant] also reached into the backseat of the car and touched the children's penises over their pants.

### F. Docket Number CP-51-CR-0004511-2021[10]

[Appellant] met 12-year-old R.V. while R.V. was skateboarding at Whitehall Skatepark in the city of Philadelphia. [Appellant] approached R.V. and explained to him that he was the owner of a skateboarding team and that he wanted R.V. to join the team which R.V. later joined. On several trips to skateboarding competitions, [Appellant] made inappropriate comments and jokes to the children in the car. [Appellant] would also routinely reach into the back of the car and grab at the children's penises, including R.V., over their pants. [Appellant] also passed around napkins to the children and encouraged them all to masturbate in the car.

On at least one occasion, [Appellant] asked R.V. if he had a "grown penis" and he put his hands down R.V.'s pants fondling his penis in an attempt to masturbate R.V. R.V. told [Appellant] to stop.

_____

[9] Superior Court docket 2511 EDA 2024.

[10] Superior Court docket 2512 EDA 2024.

Trial Ct. Op., 12/20/24, at 2-5 (some formatting altered and internal citations and footnote omitted).

As stated, Appellant entered a plea of no contest to three counts of involuntary deviate sexual intercourse with a child, three counts of corruption of minors, one count of aggravated indecent assault, and one count of unlawful contact with a minor. At trial court docket CP-51-CR-0003076-2020, the trial court sentenced Appellant to a term of fifteen to thirty years of incarceration for involuntary deviate sexual intercourse with a child and three and one-half to seven years of incarceration for corruption of minors; at CP-51-CR-0003109-2020, the trial court sentenced Appellant to a term of fifteen to thirty years of incarceration for involuntary deviate sexual intercourse with a child and three and one-half to seven years of incarceration for corruption of minors; at CP-51-CR-0000957-2021, the trial court sentenced Appellant to a term of ten to twenty years of incarceration for involuntary deviate sexual intercourse with a child and three and one-half to seven years of incarceration for corruption of minors; at CP-51-CR-0000928-2021, the trial court imposed a sentence of five to ten years of incarceration for aggravated indecent assault; at CP-51-CR-0000964-2021, the trial court imposed a sentence of three and one-half to seven years of incarceration for unlawful contact with minor; and at CP-51-CR-0004511-2021, the trial court imposed a sentence of three and one-half to seven years of incarceration for unlawful contact with

minor. *See* N.T. Sentencing, 5/3/24, at 46-47.[11] The trial court ordered Appellant to serve these sentences concurrently for an aggregate sentence of fifteen to thirty years of incarceration followed by the mandatory three-year term of probation. *See id.*

Appellant filed a timely post-sentence motion to modify his sentence. Appellant's post-sentence motion was denied by operation of law on September 6, 2024, and Appellant filed a timely notice of appeal. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue:

Did the trial court impose a clearly unreasonable and excessive total sentence of 15 to 30 years of incarceration, which ensures that Appellant will remain imprisoned during his lifetime, where the sentence failed to account for Appellant's background, character or rehabilitative needs, all in violation of the fundamental norms which underlie the Sentencing Code?

Appellant's Brief at 3 (some formatting altered).

Appellant argues that the trial court imposed an excessive sentence, which amounts to a *de facto* life sentence because Appellant would be in his early eighties at the expiration of his maximum sentence, and that the trial court failed to consider mitigating factors and Appellant's rehabilitative needs. *See id.* at 14-15. Appellant's claim implicates the discretionary aspects of

---

[11] The trial court also imposed the mandatory consecutive term of three years of probation pursuant to 42 Pa.C.S. § 9718.5. *See* N.T. Sentencing, 5/3/24, at 46-47. Further, the trial court stated on the record that Appellant was subject to lifetime registration and reporting with the Pennsylvania State Police. *See id.* at 48. However, Appellant was not determined to be a sexually violent predator. *See id.*

Appellant's sentence. *See Commonwealth v. Kurtz*, 294 A.3d 509, 535 (Pa. Super. 2023), *appeal granted on other grounds*, 306 A.3d 1287 (Pa. 2023) (stating that a claim that the sentencing court disregarded mitigating factors involves the discretionary aspects of sentencing); *Commonwealth v. Coulverson*, 34 A.3d 135, 143 (Pa. Super. 2011) (explaining that a claim asserting that the trial court did not adequately consider the defendant's rehabilitative needs implicates the discretionary aspects of sentencing).

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); *see also* Pa.R.A.P. 302(a)

(stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Grays*, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, the record reflects that Appellant preserved his issues by raising them in his post-sentence motion, filing a timely notice of appeal and a court-ordered Rule 1925(b) statement, and including a Rule 2119(f) statement in his brief. *See Corley*, 31 A.3d at 296. Further, Appellant's claims present a substantial question for our review. *See Commonwealth v. Swope,* 123 A.3d 333, 340 (Pa. Super. 2015) (concluding that a claim that sentence is excessive, together with a claim that the court failed to consider the defendant's rehabilitative needs and mitigating factors, presents a substantial question); *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (stating that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question" (citation omitted)).

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

*Raven*, 97 A.3d at 1253-54 (citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of [the] offense in relation to [the] impact on [the] victim and [the] community, and [the] rehabilitative needs of the defendant[.]" *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Schutzues*, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted).

Additionally, the trial court "must consider the sentencing guidelines." *Fullin*, 892 A.2d at 848 (citation omitted). However, "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Edwards*, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted and formatting altered). The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. *See Kurtz*, 294 A.3d at 536. In conducting appellate review, this Court "cannot reweigh sentencing factors and impose judgment in place of sentencing court where lower court

was fully aware of all mitigating factors[.]" *Id.* (citation omitted). Further, just as Appellant is not entitled to a volume discount for multiple crimes, he is likewise not entitled to a "seasonal discount" due to his age. *Commonwealth v. Lawrence*, 313 A.3d 265, 287 n.6 (Pa. Super. 2024) (citation omitted).

Following our review of the record, the parties' briefs, and relevant legal authority, we discern no abuse of discretion by the trial court. *See Edwards*, 194 A.3d at 638; *Raven*, 97 A.3d at 1253-54; *see also Lawrence*, 313 A.3d at 287 n.6. Accordingly, we affirm on the basis of the trial court's opinion. *See* Trial Ct. Op., 12/20/24, at 1-15.[12] The trial court thoroughly addressed Appellant's challenge to the discretionary aspects of his sentence and concluded that Appellant was not entitled to relief. *See id.* at 7-14. For these reasons, we affirm based on the trial court's well-reasoned opinion.[13]

Judgment of sentence affirmed. Jurisdiction relinquished.

---

[12] We note that there are two citation errors in the trial court's opinion. The citation to the *Coulverson* case on page 10 of the trial court opinion should refer to A.3d rather than A.2d. Additionally, the trial court's citations to 42 Pa.C.S.A. 303a.6(3) and (f) on page 12 of the trial court opinion should cite to 204 Pa.Code § 303a.6(e) and (f), respectively.

[13] The parties are directed to attach a copy of the trial court's opinion in the event of further proceedings.

- 13 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/22/2025

**IN THE COURT OF COMMON PLEAS
FOR THE COUNTY OF PHILADELPHIA
CRIMINAL TRIAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA    : CP-51-CR-0003076-2020
   : CP-51-CR-0003109-2020
v.    : CP-51-CR-0000928-2021
   : CP-51-CR-0000957-2021
RODNEY WATKINS    : CP-51-CR-0000964-2021
   : CP-51-CR-0004511-2021

## OPINION

Lucretia Clemons, J.

Defendant Rodney Watkins appeals from his judgment of sentence entered on May 3, 2024, after he pleaded no contest to three counts of Involuntary Deviate Sexual Intercourse with a Child, 18 § 3123 §§ B; three counts of Corruption of Minors, 18 § 6301 §§ A1ii; one count of Aggravated Indecent Assault, 18 § 3125 §§ 6; and one count of Unlawful Contact with a Minor, 18 § 6318 §§ A1. This Court imposed a sentence of fifteen (15) to thirty (30) years of incarceration, running concurrently to three and a half (3 ½) to seven (7) years of incarceration by three (3) years of reporting probation, with credit for time served, and lifetime sex offender registration. For the reasons discussed herein, this Court respectfully requests that the Superior Court affirm the judgment of sentence.

1

## I.    FACTUAL HISTORY[1]

### A. _Docket Number CP-51-CR -0003076-2020_

Defendant met 12-year-old W.L. around 2011 or 2012 while working as a skateboarding coach and owner of skateboarding team called Powerfulnailya.[2] _N.T. Plea,_ at 20. Defendant took W.L. and other children to skateboarding competitions around the city of Philadelphia and to multiple state competitions. _Id.,_ at 20-21. Prior to the competitions, Defendant would have members of the team, including W.L., sleep over at his house located ███████████████, Philadelphia, PA. _Id.,_ at 21.

On more than one occasion, when W.L. would wake up Defendant would be laying in bed with him rubbing his penis and scrotum. _Id._ On at least one of W.L.'s visits to Defendant's residence, Defendant gave drinks to the members of the skateboarding team that made W.L. feel tired. _Id._ After waking up, Defendant entered the room and began talking about skateboarding as he got closer and closer to W.L. _Id._ Defendant then took W.L.'s clothes off and began to perform oral sex on him. _Id._ Defendant grabbed W.L.'s hand to try to hold it on his penis and use it to stroke his penis. _Id._ W.L. pulled his hand back to stop touching Defendant's penis. _Id._ Defendant threatened W.L. that if he ever told anyone what happened, he would ruin his skateboarding career. _Id._

### B. _Docket Number CP-51-CR-0003109-2020_

Defendant met 11-year-old N.M. at the Pops Skatepark in the Fishtown section of Philadelphia. _N.T. Plea,_ at 22. Defendant informed N.M. that he was the owner of a

---

[1] Defendant was sentenced on and appeals from judgment of sentence on six transcripts involving six different child victims.

[2] Notes of Testimony titled Hearing Volume 1 (hereinafter _N.T. Plea_).

skateboarding team and offered N.M. a chance to join the team. *Id.* On trips to several skateboarding competitions, Defendant would make "dirty jokes" and reach behind to the rear seat of the vehicle and the children-members of the team's penises over their pants. *Id.* Defendant also took his penis out of his pants and would have the children grab it. *Id,* at 22-23.

When N.M. was 12 years old in 2012, while staying at Defendant's house ████████████ for a sleepover before a skateboarding competition, Defendant laid down next to N.M. on the couch and began to rub his penis and kiss N.M. on the lips. *Id.* Defendant pulled N.M.'s pants down and performed oral sex on him for approximately 20 to 30 minutes. *Id.* N.M. was "frozen" while Defendant continued to assault him. *Id.*

### C. *Docket Number CP-51-CR-0000928-2021*

Defendant met 12-year-old N.H. when she was hanging out with her friends who were young skateboarders. *N.T. Plea,* at 24. N.H. was invited to Defendant's apartment at an unknown location in the city of Philadelphia. *Id.* Upon arrival, Defendant told N.H. how beautiful she was and that he wanted to "do something he knew she would like." *Id.* Defendant then put his hands down N.H.'s pants and put his fingers in her vagina. *Id.* N.H. told Defendant she didn't like it to which Defendant replied, "every girl's vagina [is] different." *Id.*

### D. *Docket Number CP-51-CR-0000957-2021*

Defendant met 11-year-old C.C. at Whitehall Skatepark in Philadelphia. *N.T. Plea,* at 25. Defendant informed C.C. that he was the owner of a professional skateboarding team and that he wanted C.C. to join the team. *Id.* C.C. was invited over to Defendant's house ████████████ ████████, Philadelphia, PA, prior to a skateboarding trip. *Id.* When C.C. was at Defendant's residence, Defendant put pornographic videos on the television for C.C. to watch and placed his

head on C.C.'s lap. *Id.* C.C. then pulled out his penis and Defendant performed oral sex on C.C. *Id.*

E. *Docket Number CP-51-CR-0000964-2021*

12-year-old L.Z. met Defendant at a skateboarding event in the schoolyard outside of his school in Philadelphia. *N.T. Plea*, at 26. Defendant spoke to L.Z. about joining Defendant's skateboarding team at that time, which L.Z. later joined. *Id.* On various occasions while in the car traveling to skateboarding competitions, Defendant passed iPads and tablets with pornographic material around the car to the members of the team. *Id.* Defendant encouraged the children to pull out their penises and masturbate in the car. *Id.* Defendant also pulled out his penis and masturbated in the car. *Id.* He told the children to masturbate until they ejaculated. *Id.*, at 26-27. Defendant then passed the children tissues for when they were finished masturbating. *Id.*, at 27.

While in the vehicle on these trips, Defendant also told the children to penetrate each other. *Id.* He told them that "it would feel good" if they penetrated each other. *Id.* Defendant also reached into the backseat of the car and touched the children's penises over their pants. *Id.*

F. *Docket Number CP-51-CR-0004511-2021*

Defendant met 12-year-old R.V. while R.V. was skateboarding at Whitehall Skatepark in the city of Philadelphia. *N.T. Plea*, at 27. Defendant approached R.V. and explained to him that he was the owner of a skateboarding team and that he wanted R.V. to join the team which R.V. later joined. *Id.*, at 28. On several trips to skateboarding competitions, Defendant made inappropriate comments and jokes to the children in the car. *Id.* Defendant would also routinely reach into the back of the car and grab at the children's penises, including R.V., over their pants. *Id.* Defendant also passed around napkins to the children and encouraged them all to masturbate in the car. *Id.*

4

On at least one occasion, Defendant asked R.V. if he had a "grown penis" and he put his hands down R.V.'s pants fondling his penis in an attempt to masturbate R.V. *Id.* R.V. told Defendant to stop. *Id.*

## II.    PROCEDURAL HISTORY

Defendant was arrested on May 1, 2020. Defendant forewent trial and pleaded no contest to February 7, 2024.[3] During the *Nolo Contendre* plea hearing, both the Commonwealth and defense counsel notified the Court that their negotiations led to an agreement to a cap of fifteen (15) to thirty (30) years as the aggregate sentence in all six dockets in which Defendant pled. *N.T. Plea,* at 6, 19. Defendant pleaded no contest to three counts of Involuntary Deviate Sexual Intercourse with a Child, 18 § 3123 §§ B; three counts of Corruption of Minors, 18 § 6301 §§ A1ii; one count of Aggravated Indecent Assault, 18 § 3125 §§ 6; and one count of Unlawful Contact with a Minor, 18 § 6318 §§ A1. This Court imposed a sentence of fifteen (15) to thirty (30) years of incarceration, running concurrently to three and a half (3 ½) to seven (7) years of incarceration by three (3) years of reporting probation, with credit for time served, and lifetime sex offender registration on May 3, 2024.

On or about May 9, 2024, Defendant filed a Post-Sentence Motion which was denied on September 6, 2024. Defendant filed a timely Notice of Appeal to the Superior Court on September 16, 2024. This Court instructed Defendant to file a concise statement of errors pursuant to Pa.R.A.P 1925(b) on September 17, 2024. Defendant filed a timely Statement of Errors (hereinafter "SOE") on October 2, 2024.

---

[3] N.M., a complainant who lives out of state in this matter, gave his victim impact statement on February 15, 2024. Notes of Testimony titled Hearing Volume 2 from the victim impact hearing are hereinafter titled *N.T. Impact.*

## III.   STATEMENT OF ERRORS

Defendant alleges the following issues on appeal:

1.  In the matter docketed at CP-51-CR-0003076-2020, this court sentenced Appellant to 15 to 30 years of incarceration for involuntary deviate sexual intercourse with a child and 3½ to 7 years of incarceration for corrupting the morals of a minor. This Court erred and abused its discretion in imposing these sentences for the following reasons.

    a.  The 15 to 30 year sentence for involuntary deviate sexual intercourse with a child was—while within the guidelines—manifestly unreasonable because it constituted a de facto life sentence. Additionally, this Court failed to comply with the requirements of 42 Pa.C.S. § 9721 by failing to adequately consider Appellant's background, character and rehabilitative needs, and failed to consider, acknowledge or justify that it was imposing a 'de facto life sentence' based on Petitioner's age and the maximum carceral time allotted.

    b.  The 3½ to 7 year sentence was far above even the aggravated range of the guidelines for corrupting the morals of a minor and was unreasonable. Additionally, this Court failed to comply with the requirements of 42 Pa.C.S. § 9721 by failing to adequately consider Appellant's background, character and rehabilitative needs, and failed to make a record of its reasons for sentencing outside of the guidelines.

2.  In the matter docketed at CP-51-CR-0003109-2020 this court sentenced Appellant to 15 to 30 years of incarceration for involuntary deviate sexual intercourse with a child and 3½ to 7 years of incarceration for corrupting the morals of a minor. This Court erred and abused its discretion in imposing these sentences for the following reasons.

    a.  The 15 to 30 year sentence for involuntary deviate sexual intercourse with a child was—while within the guidelines—manifestly unreasonable because it constituted a de facto life sentence. This Court failed to comply with the requirements of 42 Pa.C.S. § 9721 by failing to adequately consider Appellant's background, character and rehabilitative needs, and failed to consider, acknowledge or justify that it was imposing a 'de facto life sentence' based on Petitioner's age and the maximum carceral time allotted.

    b.  The 3½ to 7 year sentence was far above even the aggravated range of the guidelines and was unreasonable. This Court failed to comply with the requirements of 42 Pa.C.S. § 9721 by failing to adequately consider Appellant's background, character and rehabilitative needs, and failed to make a record of its reasons for sentencing outside of the guidelines.

3.  In the matter docketed at CP-51-CR-0000928-2021 this court sentenced Appellant to 5 to 10 years of incarceration for aggravated indecent assault. This Court erred and abused its discretion in imposing this sentence because it was far above even the aggravated range

of the guidelines and was unreasonable. Additionally, this Court failed to comply with the requirements of 42 Pa.C.S. § 9721 by failing to adequately consider Appellant's background, character and rehabilitative needs, and failed to make a record of its reasons for sentencing outside of the guidelines.

4. In the matter docketed at CP-51-CR-0000957-2021 this court sentenced Appellant to 10 to 20 years of incarceration for involuntary deviate sexual intercourse with a child and 3½ to 7 years of incarceration for corrupting the morals of a minor. This Court erred and abused its discretion in imposing this sentence because it was far above even the aggravated range of the guidelines and was unreasonable. Additionally, this Court failed to comply with the requirements of 42 Pa.C.S. § 9721 by failing to adequately consider Appellant's background, character and rehabilitative needs, and failed to make a record of its reasons for sentencing outside of the guidelines.

5. In the matter docketed at CP-51-CR-0000964-2021 this court sentenced Appellant to 3½ to 7 years of incarceration for unlawful contact. This Court erred and abused its discretion in imposing this sentence because it was far above even the aggravated range of the guidelines and was unreasonable. Additionally, this Court failed to comply with the requirements of 42 Pa.C.S. § 9721 by failing to adequately consider Appellant's background, character and rehabilitative needs, and failed to make a record of its reasons for sentencing outside of the guidelines.

6. In the matter docketed at CP-51-CR-0004511-2021 this court sentenced Appellant to 3½ to 7 years of incarceration for unlawful contact. This Court erred and abused its discretion in imposing this sentence because it was far above even the aggravated range of the guidelines and was unreasonable. Additionally, this Court failed to comply with the requirements of 42 Pa.C.S. § 9721 by failing to adequately consider Appellant's background, character and rehabilitative needs, and failed to make a record of its reasons for sentencing outside of the guidelines.

Def. SOE, at 1-2.

## IV. DISCUSSION

**A. On the matter docketed at CP-51-CR-0003076-2020, the court did not err or abuse its discretion when imposing the sentence of 15 to 30 years of incarceration for involuntary deviate sexual intercourse with a child and 3 ½ to 7 years of incarceration for corruption of minors.**

1. The Court did comply with the requirements of 42 Pa.C.S. § 9721 when sentencing Defendant.

The first issue Defendant raises on appeal is that this Court erred and abused its

discretion when it imposed the sentence of fifteen (15) to thirty (30) years of incarceration for

involuntary deviate sexual intercourse with a child and three and a half (3 ½) to seven (7) years

7

of incarceration for corruption of minors because the Court did not comply with the requirements of 42 Pa.C.S. § 9721 when issuing its sentence. This argument is wholly without merit.

Firstly, 42 Pa.C.S. § 9721 provides the general standards for sentencing. Namely, section (b) of the statue states the following:

> The court shall follow the general principle that the sentence imposed should call for total confinement that is consistent with section 9725 (relating to total confinement) and the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S. § 9721(b).

At Defendant's sentencing, this Court stated that it considered:

> All the evidence introduced in the history of this case, including any pretrial hearings, everything summarized in the no contest plea hearing, everything in the presentencing report, the investigation of the prior record score, the mental health evaluation, all of which I have carefully reviewed, everything presented during the sentencing hearing, including all the mitigating evidence on behalf of the defendant, the statements on behalf of the defendant and the victim, the sentencing guidelines, and the statutory factors that I am required by law to consider, which include the need to protect the public, the gravity of the offense in relation to its impact on the victim and the community, and the rehabilitative needs of the defendant.

*N.T. Sent.*, at 44-45. *Cf. Com. v. Mawhinney*, 915 A.2d 107, 110 (Pa. Super. 2006) (upholding trial court's discretionary sentence where the court heard from both counsel and the defendant himself and stated on the record that "it had considered the presentence report, the Sentencing-Guidelines, and all of the trial testimony in fashioning the sentence," without further elaborating on why the sentence was appropriate).

In this matter, prior to Defendant's sentencing hearing, this Court thoroughly reviewed Defendant's presentence investigation report, Defendant's Sentencing Memo and the Sentencing Memo prepared by the Commonwealth. *N.T. Sent.*, at 44-46. During the sentencing hearing, the Court also listened to thorough statements made on Defendant's behalf by his daughter, wife and family friend. *Id.*, at 16-24. Further, the sentencing court explicitly stated:

8

I want you to understand that I read everything in the sentencing memo about your upbringing and about how you got to be the person who commit these kinds of crimes. And the one thing I will say that bode in your favor with me is that you did not commit these crimes on your own children. That's it. That's the only reason I'm not locking you up to the statutory limit. *N.T. Sent.*, at 46.

In addition to the evidence presented by Defendant at sentencing, the Commonwealth also provided considerations for the Court. Firstly, one of Defendant's victim's, N.M., provided a victim impact statement at a separate hearing on February 15, 2024. *N.T. Impact*, at 3-8. During his victim impact statement, N.M. relayed to the Court the struggles he has been through over the last twelve years as a direct result of Defendant's assaults against him. *Id.*, at 5. N.M. expressed that he became addicted to drugs and had attempted to commit suicide on numerous occasions throughout his teenage and young adult years before he finally surrendered himself to a facility for treatment for his addiction. *Id.* During treatment, N.M. was able to go through psychology sessions who assisted him in dealing with his trauma. *Id.*, at 6.

Victims, N.H. and C.C.G, also provided victim impact statements at Defendant's sentencing hearing. *N.T. Sent.*, at 31-37. N.H. described how her life was gravely impacted by Defendant's assault when she was 11 years old and the result it now has on her children. *Id.*, at 34. She also spoke about how Defendant's actions caused deep trauma for her resulting in a fear of intimacy and distrust of men in general. *Id.*, at 33-34. C.C.G. testified stating, "[I] thought [Defendant] was there to genuinely help me. And it just – now like all my good memories of growing up, skateboarding and everything, is just – I've got this dark cloud over me." *Id.*, at 37. A common theme amongst all three victims who testified was the long lasting trauma Defendant's actions have had on their lives and the lives of their children on those of them who are now parents. *N.T. Impact*, at 6; *N.T. Sent*, at 34-35. All victims who testified also agreed that they just did not want this to happen to any more children. *Id.*

9

Therefore, it is evident that this Court did in fact take into consideration not only the rehabilitative needs to the community and the defendant, but also Defendant's personal background and history. The Court was not able to consider any remorse as Defendant did not express any remorse for his crimes at any point during this process. In fact, he has made several claims that he does not recall any of his actions though his memory is sharp with respect to all other aspects of his life. Thus, for all of the reasons stated above, Defendant's sentence of fifteen (15) to thirty (30) years of incarceration should be affirmed.

2. The Court did not impose a "de facto life sentence" on Defendant when it sentenced him to fifteen (15) to thirty (30) years of incarceration.

Defendant next argues on appeal that because his sentence will end when he is 81 years old, this constitutes a de facto life sentence. Defendant is wrong in this assertion.

Defendant incorrectly applies the Superior Court's ruling in Com. v. Coulverson, 34 A.2d 135 (Pa. Super. 2011). In *Coulverson*, the defendant went on a three-day crime spree that began with the rape and robbery of a stranger on her way home waiting at a bus stop. Over three days, he raped and robbed four additional victims. The Superior Court held that the trial court's aggregate sentence of 18-90 years was excessive due to the trial court's failure to support the 90-year maximum sentence with any discussion as to relevant sentencing factors including any mitigating evidence it considered. *Id.*, at 149-150. The trial court failed to consider the defendant's remorse, work towards rehabilitation while incarcerated and traumatic experience and drug use which led to his crime spree. *Id.*, at 140.[4] In a subsequent, unprecedented opinion, the Superior Court held that "just as a defendant is not entitled to a volume discount for multiple

---

[4] Further, in a second, unreported opinion in the *Coulverson* matter, the Superior Court clarified this point by stating: [T]his court never held that the trial court could not impose a lengthy maximum term of imprisonment, or even that the trial court could not, on remand, re-impose the same sentence, only that the trial court had failed to support its 90-year maximum sentence with discussion of all relevant sentencing factors including any mitigating evidence in appellant's favor. Therefore, the premise of appellant's argument, that this court in the prior appeal held that the trial court could not impose a "*de facto* life sentence," is incorrect. Com. v. Coulverson, 2013 WL 1120788.

10

crimes by having an aggregate sentence run concurrently, he is not entitled to a seasonal discount because he committed his crimes in the winter of his life." Com. v. Lawrence, 313 A.3d 265, 287 n.6

In the matter at bar, this Court sentenced Defendant to fifteen (15) to thirty (30) years of incarceration. This sentence was below the statutory limit for IDSI which permitted the court to sentence Defendant to up to forty (40) years of incarceration. *18 Pa.C.S. § 3123(d)(1)*. Further, during the *Nolo Contendre* plea hearing, both the Commonwealth and defense counsel notified the Court that their negotiations led to an agreement to a cap of fifteen (15) to thirty (30) years as the aggregate sentence in all six dockets in which Defendant pled. *N.T. Plea*, at 6, 19. Though Defendant was not told what the Court would sentence him to ahead of time, he was fully aware prior to entering his plea that the Commonwealth would be requesting fifteen (15) to thirty (30) years of incarceration. He was also aware that the Court could impose a greater sentence by imposing the statutory limit of forty (40) years of incarceration. *Id.*, at 12-14.

Also, as stated in *Lawrence*, Defendant does not get a "seasonal discount" simply because he was sentenced for his crimes later in life. It is manifestly unreasonable to impose a lesser sentence to a Defendant simply because they are older, regardless of the traumatic nature of their crimes and the vast affects it has on several members of the community. Defendant's spree of assaults spanned over the course of a decade. These were not isolated incidents that affected one child, but rather several occurrences in which Defendant assaulted at least six children.

Therefore, it is clear that this Court did not impose a de facto life sentence when it sentenced Defendant to fifteen (15) to thirty (30) years of incarceration as Defendant's sentence was below the statutory limit within the guidelines for this matter.

**B. The Court did not err or abuse its discretion when imposing the sentence of 15 to 30 years of incarceration for involuntary deviate sexual intercourse with a child and 3 ½ -7 years of incarceration for corruption of minors.**

For all of the reasons stated in section A above, the Superior Court should affirm this Court's judgment of sentence.

**C. The Court did not err or abuse its discretion in imposing the sentence of five (5) to ten (10) years of incarceration for aggravated indecent assault.**

Defendant next argues that the trial court erred and abused its discretion when it imposed a concurrent sentence of five (5) to ten (10) years of incarceration for aggravated indecent assault when the sentencing guidelines called for nine (9) to sixteen (16) months of incarceration. The statutory maximum for this offense is ten (10) years. Defendant's argument is without merit.

Pennsylvania Appellate Courts recognize three circumstances in which sentences are manifestly unreasonable: when the sentencing court applied the guidelines erroneously; when the sentence falls within the guidelines, but is "clearly unreasonable" based on the circumstances of the case; and when the sentence falls outside of the guidelines and is unreasonable. Com. V. Bowen, 975 A.2d 1120, 1123-1124 (Pa. Super. 2009). In this case, none of these circumstances apply. Pursuant to 42 Pa.C.S. § 9781(d), the appellate court must review the record and consider the nature and circumstances of the offense(s), the sentencing court's observations of the defendant, the findings that formed the basis of the sentence, and the sentencing guidelines. _Id._, (quoting Com. v. Walls, 926 A.2d 957, 963).

In addition, pursuant to 42 Pa.C.S.A. 303a.6(3), departures from the sentencing guidelines are permitted. Sentencing courts may consider, but are not limited to, the following: (i) nature and circumstances of the offense; and (ii) history and character of the person when deviating from the guidelines. *42 Pa.C.S.A. 303a.6(f).*

12

In the case at bar, this Court stated all factors considered in sentencing Defendant. *N.T. Sent.*, at 44-45. Defendant's sentence of five (5) to ten (10) years of incarceration for the offense of aggravated indecent assault was within the sentencing court's discretion. Defendant was convicted of aggravated indecent assault of a child under 14 years old charged as a felony in the second degree. The statutory maximum for this crime is ten (10) years of incarceration. Furthermore, Defendant made no statement of remorse during his Nolo Contendre plea hearing nor during the sentencing. During his mental health evaluation, psychologists believed Defendant to be malingering a false dementia diagnosis when he stated he did not recall any of the assaults. *Id.*, at 40. The Court stated, "I don't know whether [Defendant] is malingering or whether he's not. I have no idea. But the issue really here is that the victims of this crime are here to confront what happened to them. And whether [Defendant] hears them or not, I want you to know that the Court heard you." *Id.*, at 45. The Court further stated, "I have no doubt that you committed these crimes, none. And the penalty for these crimes, as they are grave, is severe, and I'm going to sentence you to a substantial sentence." The Court was establishing the that it not only was considering the nature and circumstances of the offenses, but the history and the character of Defendant in establishing its reasoning for each term of sentence imposed.

Therefore, this Court did not err or abuse its discretion when it sentenced Defendant to five (5) to ten (10) years of incarceration on the charge of aggravated indecent assault as there was a statutory limit of ten years of incarceration on this charge.

### D. The Court did not err or abuse its discretion in imposing the sentence of 10 to 20 years of incarceration for involuntary deviate sexual intercourse with a child and 3 ½ to 7 years of incarceration for corrupting the morals of a minor.

For the reasons stated in section C above, the Superior Court should affirm this Court's judgment of sentence.

13

**E. The Court did not err or abuse its discretion when it imposed the sentence of 3 ½ to 7 years of incarceration for unlawful contact with a minor.**

For the reasons stated in section C above, the Superior Court should affirm this Court's

judgment of sentence.

**F. This Court did not err or abuse its discretion in sentencing Defendant to 3 ½ to 7 years of incarceration for unlawful contact with a minor.**

For the reasons stated in section C above, the Superior Court should affirm this Court's

judgment of sentence.

## V. CONCLUSION

For the above reasons, the trial court's judgment and sentence should be affirmed.

BY THE COURT:

LUCRETIA CLEMONS, J.

Dated: 12/20/24

14

**CP-51-CR-0003076-2020**
**CP-51-CR-0003109-2020**
**CP-51-CR-0000928-2021**
**CP-51-CR-0000957-2021**
**CP-51-CR-0000964-2021**
**CP-51-CR-0004511-2021**

## PROOF OF SERVICE

I hereby certify that I am this day caused to be served the foregoing this person(s) in accordance with the requirements of Pa.R.A.P. 121, and in the manner indicated below:

Attorney for the Commonwealth:

> Appellate Unit
> Philadelphia District Attorney's Office
> Three South Penn Square
> Philadelphia, PA 19107

Type of Service: ( ) Personal (X) First class mail ( ) CJC mailbox ( ) Email

Attorney for the Defendant:

> Aaron Marcus, Assistant Defender
> Chief, Appeals Division
> Defender Association of Philadelphia
> 1441 Sansom Street
> Philadelphia, PA 19102

Type of Service: ( ) Personal (X) First class mail ( ) CJC mailbox ( ) Email

Defendant:

> Rodney Watkins
> Inmate No. QQ3937
> SCI Phoenix
> 1200 Mokychic Drive
> Collegeville, PA 19426

Type of Service: ( ) Personal (X) Certified mail ( ) CJC mailbox ( ) Email

DATED: *12/20*_____, 2024

_Mercedez Holder_
Mercedez Holder
Tipstaff to Hon. Lucretia Clemons

15